IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL GNIEWKOWSKI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LETTUCE ENTERTAIN YOU ENTERPRISES, INC., <br><br> Defendant. | No. 2:16-cv-1898-AJS <br><br> LEAD CASE |
| LISA FRAZIER; ACCESS NOW, INC., a not-for-profit corporation; and R. DAVID NEW, <br><br> Plaintiffs, <br><br> v. <br><br> E.L.I. TRADING, INC. d/b/a MICA BELLA COSMETICS, <br><br> Defendant. | Case No. 2:17-cv-00024-AJS <br><br> MEMBER CASE |

ORDER *GRANTING DOC. No. 189*

AND NOW, this *11th* day of *January*, 2018, upon consideration of Plaintiffs'

Motion for Entry of Default Judgment and Defendant's failure to answer or respond to Plaintiffs'

Complaint within the time prescribed by the Federal Rules of Civil Procedure, the Court finds:

1.     The Court has personal jurisdiction over the parties and over the subject matter of

this action.

2.     Plaintiffs Frazier and New are, and at all times relevant hereto, have been legally

blind. As a result, they are members of a protected class under the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff Access Now, Inc. ("Access Now") is a non-profit

organization that advocates on behalf of individuals with disabilities. Access Now promotes ADA

compliance through education efforts and litigation to require that persons and entities comply

with the ADA. Pursuant to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), Access Now has standing to pursue this lawsuit on behalf of its members.

3.      Defendant E.L.I. Trading, Inc. d/b/a Mica Bella Cosmetics sells makeup and other beauty accessories to the public through its website, www.micabeauty.com ("Website"). Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7) and its Website is property which Defendant must make accessible to individuals with disabilities under the ADA.

4.      The individual Plaintiffs have patronized Defendant's Website, but are unable to access Defendant's online goods and services because the Website is incompatible with the screen reader technology that individuals with visual disabilities use to access content on the Internet.

5.      Defendant has violated Title III of the ADA and its implementing regulations by failing to make its Website accessible to screen reader software.

6.      Without relief, Defendant will continue to discriminate against Plaintiffs and other individuals who require that Defendant create or modify its corporate policies to ensure its Website becomes, and remains, accessible to screen reader software.

**It is therefore DECLARED that:**

7.      At the commencement of this action, Defendant was in violation of Title III of the ADA and its implementing regulations in that Defendant took no action that was reasonably calculated to ensure that its Website, www.micabeauty.com, is fully accessible to, and independently usable by, blind individuals.

**It is also ORDERED that:**

8.      Pursuant to 42 U.S.C. § 12188(a)(2), Defendant, and all persons and entities in privity, combination, participation or acting in concert with Defendant, including but not limited to its agents, servants, employees, franchisees, distributors, licensees, successors and assigns,

attorneys, officers and directors, whether on behalf of any other business entity heretofore or hereafter created, shall take the following steps necessary to bring its Website, www.micabeauty.com, into full compliance with the requirements set forth in the ADA and its implementing regulations, so that it is fully accessible to, and independently usable by, blind individuals. To ensure Defendant's remediation plan is sufficient, Defendant shall:

        a.      retain, at its expense, The Paciello Group ("Mutually Agreed Upon Consultant"), who shall assist Defendant in improving the accessibility of its Website so that it complies with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA") by conducting (1) an accessibility audit on critical use paths within www.micabeauty.com for conformance with WCAG 2.0 (AA) standards; (2) a 2-day onsite combined Developer/QA training session; and (3) monthly testing for a period of two years after the Mutually Agreed Upon Consultant verifies Defendant's website conforms with WCAG 2.0 (AA) in a Letter of Conformance;

        b.      work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

        c.      work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a monthly basis to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis;

        d.      work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis; and,

e.      work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on Defendant's Website, along with an e-mail address and toll free phone number to report accessibility-related problems.

9.      Plaintiffs, their counsel and its experts may monitor the accessibility of the Website for up to two (2) years after the date of the Mutually Agreed Upon Consultant's Letter of Conformance. To this end, Plaintiffs, through their counsel and its experts, shall be entitled to consult with the Web Accessibility Consultant at their discretion, and to review any written material the Website Accessibility Consultant provides Defendant.

10.     The Court shall retain jurisdiction for a period of two (2) years after the date of the Mutually Agreed Upon Consultant's Letter of Conformance to ensure Defendant has adopted and implemented adequate accessibility maintenance policies.

11.     Plaintiffs, as the prevailing party, may file a fee petition before the Court surrenders jurisdiction. Pursuant to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986), *supplemented*, 483 U.S. 711 (1987), the fee petition may include the costs to monitor Defendant's compliance with the permanent injunction.

BY THE COURT:

Arthur J. Schwab
United States District Court Judge

4